# United States Court of Appeals for the Fifth Circuit

---

No. 24-10862

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2025

Lyle W. Cayce
Clerk

JACOB WHITE,

*Plaintiff—Appellant*,

*versus*

THE STATE OF TEXAS; THE CITY OF GRAPEVINE; BRUNO RUMBELOW, *City Manager in its Individual and Official Capacity*; JENNIFER HIBBS, *Assistant City Manager, in its Individual and Official Capacity*; CHRIS SMITH, *Parks and Recreation Director, in its Individual and Official Capacity*; LEIGH KAPSOS, *Library Director, in its Individual and Official Capacity*; CHAD HETTERLEY, *Assistant Library Director, in its Individual and Official Capacity*; GRACIE BURCKHARD, *Library Employee, in its Individual and Official Capacity*; KEVIN MANNING, *Police Officer, in its Individual and Official Capacity*; MIKE HAMLIN, *in his Individual and Official Capacity*; WILLIAM TATE, *Mayor, in his Individual and Official Capacity*; PAUL SLECHTA, *City Council Member, in his Individual and Official Capacity*; SHARRON ROGERS, *City Council Member, in her Individual and Official Capacity*; LEON LEAL, *City Council Member, in his Individual and Official Capacity*; DARLENE FREED, *City Council Member, in his Individual and Official Capacity*; CHRIS COY, *City Council Member, in his Individual and Official Capacity*; DUFF O'DELL, *City Council Member, in its Individual and Official Capacity*; MATTHEW BOYLE, *City Attorney, in his Individual and Official Capacity*; WILLIAM BRANDT, *Justice of the Peace, Tarrant County, in its Individual and Official Capacity*; JOHN DOE 1-20 (CIVIL CASE 4:23-CV-925); JANE DOE 1-20 (CIVIL CASE 4:23-CV-925),

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-925

_____

Before Dennis, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jacob White, proceeding pro se, appeals the district court's denial of his motion to set aside judgment of the district court, disqualify or recuse the district court and magistrate judges, and amend his complaint.

In September 2023, White brought this action against the State of Texas, the City of Grapevine, and numerous individual defendants. His complaint included 108 different claims and sought millions of dollars in damages, as well as injunctive and declaratory relief. White's allegations boil down to a purported conspiracy by municipal employees and state officials to deprive White of his fundamental right of "locomotion" to and from the Grapevine library. According to White, the defendants conspired to silence him by posting trespass warnings and otherwise retaliating against him.

All defendants moved to dismiss White's claims against them. Adopting the magistrate judge's recommendations, the district court granted the motions to dismiss and entered final judgment against White. White appealed, and a panel of this court affirmed the district court's dismissal of his claims. See *White v. Texas*, No. 23-11190, 2024 WL 1826245, at *3 (5th Cir. Apr. 26, 2024) (per curiam). Nearly four months later, White filed in the district court a post-judgment motion seeking to set aside judgment under Federal Rule of Civil Procedure 60(b)(2) and (3), disqualify or recuse the district court judge and magistrate judge, and amend his complaint. The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2

district court denied the motion by electronic order, and White timely appealed.

The arguments White raises on appeal are unsupported by the record and lack arguable merit. The purported "newly discovered evidence" White relies on does not substantiate his allegations and is not "material and controlling." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003). White has also offered no clear and convincing evidence of any misconduct by the defendants or their counsel. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Nor has White offered any legitimate reason for disqualifying or recusing the district court judge and magistrate judge. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). And White has failed to explain how amendment would cure any prior deficiencies in his complaint. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam), *as revised* (Nov. 26, 2021) ("[A] movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.").

Accordingly, White's appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). White's outstanding motions for declaratory relief, to amend the record on appeal, and to take judicial notice are DENIED as moot.